IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DR. HAROLD DAVIS,

      Plaintiff,

vs.                                             CIVIL NO. 01-799 MCA/LFG

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel Complete Answers to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's First Request for Production [Doc. #29]. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed. Oral argument is not necessary.

Plaintiff, Dr. Harold Davis ("Davis"), contends that Defendant Provident Life and Accident Insurance Company's ("Provident") answers to Interrogatories 2 and 3 are deficient. In Interrogatory No. 2, Davis asked Provident to "provide the names, addresses and telephone numbers of all Defendant Provident's underwriters, employees, independent contractors, agents and all other individuals, companies, businesses or others who have issued, investigated, worked on, made decisions and/or handled any aspect of Plaintiff's insurance purchases from Defendant Provident and provide a description of their work on Plaintiff's insurance policy purchases."

Because this interrogatory was exceedingly broad, Provident utilized the option authorized by Fed. R. Civ. P. 33(d). This rule provides that a party may produce business records in lieu of answering an interrogatory when the burden of extracting the requested information is substantially equal for either party. Here, the Court concurs with Provident's position that the production of the claims and underwriting files, together with those documents which have already been produced as part of Defendant's Rule 26 initial disclosures, suffice, and the Court will not require Provident to further answer Interrogatory No. 2.

The same is true for <u>Interrogatory No. 3</u>, in which Davis asked Provident "Please advise if there are other individuals whose names do not appear in the file you have provided to us. We presume from your answer that all of the employees found in the claims and underwriting files produced as part of Provident's disclosures are still employed by Provident. If not, please respond to the interrogatory providing the names, addresses and telephone numbers of these non-employees."

Again, the Court agrees with Provident. The names of any person who had any significant, non-privileged involvement in the file will be reflected in the documents produced to Davis. While these documents may not designate each and every person who "handled" the file, that information is not really necessary. For example, of what possible benefit is it to Davis to know the name, address and telephone number of an office runner who may have delivered the file from one of Provident's departments to another? Similarly, there is no significant benefit in knowing the name, address and telephone number of a secretary, or office runner or clerical assistant who may have typed, photocopied, faxed or delivered documents in the regular course of Provident's business.

Those individuals who played any significant role in the decision-making process may be gleaned from the underwriting and claims file previously produced. Thus, Davis' motion to compel

further responses to Interrogatory No. 3 is denied.

Davis next requests the Court to order production of documents in Request for Production Nos. 1, 3-9 and 11.

It appears that the dispute concerning Request for Production No. 1 simply deals with whether the documents should be delivered to Davis or whether the parties can agree on a mutually convenient time and place to inspect the documents. In this request, Davis asks for relevant documents and Provident agreed to produce them "at a mutually convenient time and place." Davis fails to address the issue in the reply, and, therefore, the Court determines that no further order is necessary. The parties should agree on a mutually convenient time and place for purposes of inspecting these documents and determining which should be copied for Davis' use.

In Request for Production No. 3, Davis asks for a privilege log regarding two documents withheld by Provident. In its response, Provident notes that the claims files, applications and underwriting files were already produced, save for two documents which were retained under attorney-client and/or work product privilege. In its response to the motion, Provident further describes the two withheld documents with enough specificity to satisfy the Vaughn index requirements.[1] Davis' request for information was appropriate, but with Provident's response and clarification, the Court now deems that Provident has satisfied the Vaughn index requirements. Thus, no further response to the Request for Production No. 3 is necessary.

In Request for Production No. 4, Davis asks Provident to "produce all Provident's disability

---

[1] A "Vaughn" index is the term derived from Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), *cert denied*, 415 U.S. 977, 94 S. Ct. 1564 (1974). The index usually consists of information sufficient to describe the document, indicate its author, date of production, to whom it was distributed, the general nature of the document and the privilege claimed. This information is to "permit the court system effectively and efficiently to evaluate the factual nature of disputed information." Id. 484 F.2d at 826.

3

claims manuals, guidelines, and any other information or communications regarding Provident's claims policies and procedures, including, but not limited to written documents, computer data, electronic data, voice-mail and e-mail that were in effect when Provident considered, investigated, terminated, handled and adjusted Plaintiff's disability claims."

Provident objected to the entire request and produced no information, contending that the request was overly broad, not designed to lead to the discovery of admissible evidence, constituted harassment, was oppressive and unduly burdensome and expensive. Provident also argued that the information sought constituted proprietary, confidential, commercial and trade secret information.

Davis has a right to discover relevant information, but a defendant has a corresponding right to be free from harassing discovery and being put through the time, burden and expense of producing information that is not relevant to the claims or defenses, or whose relevancy is greatly outweighed by the burdens and expense and production. *See* Fed. R. Civ. P. 26(b)(2). Such is the case here. The manuals sought are generally treated as trade secrets because their disclosure would adversely affect the producing party's business interests. Garvey v. National Grange Mutual Insurance Co., 167 F.R.D. 391, 396 (E.D. Pa. 1996)(refusing to order production of insurance manuals).

In balancing the interests of a party's right to discover information with an opposing party's right to be free from vexatious discovery requests, a party has a significant burden to demonstrate the relevancy of the information sought or how the information will lead to the discovery of other relevant, admissible evidence.

Here, Provident argues that it has developed a claims manual and underwriting manual which deal with situations having absolutely no bearing on any condition or claim made by Davis. Provident cites, for example, that its policy and procedure manual includes sections on diabetes, kidney failure,

4

strokes, heart attacks or a myriad of other conditions not related to Davis' claim at all. The Court agrees.

However, Davis is entitled to learn whether Provident adhered to its own policies and procedures in the way it investigated and handled Davis' claim, and, generally, whether Provident is in compliance with its policies. Thus, portions of Provident's claims handling manuals, relevant to the kind of claim submitted by Davis, are discoverable and Provident should make those sections available for Davis' inspection under a confidentiality order. The confidentiality order should provide that the information be used for this litigation only. At the completion of the litigation, any copies made of portions of Provident's claims or procedures manuals should be returned to Provident without Davis or Davis' counsel retaining any copies. Any experts who utilize these documents for purposes of formulating or expressing opinions must similarly agree not to maintain copies in their own files, and upon completion of their engagement, to return any documents so produced.

In an effort to resolve this dispute, Provident offered to provide an index to the claims and underwriting manuals and allow Davis to designate those portions which appear pertinent to his claim. Davis declined. The Court believes Provident's approach was reasonable. Therefore, within ten days, Provident should provide the index and allow Davis an opportunity to designate pertinent portions. The portions designated must be relevant to Davis' claim. The Court cautions that it will only order produced those portions that are relevant to the handling of Davis' own claim, and is not likely to order broad examination into overall procedures and policies.

Request for Production No. 5, mirrors the information discussed in Request for Production No. 3. Thus, the Court's ruling remains the same. As Provident's response has now provided information sufficient to satisfy the Vaughn index requirement, no further production is necessary.

Davis' Request for Production No. 6 is the same as or similar to Request for Production No. 4. The Court's analysis in Request for Production No. 4 is applicable here. Thus, the Court orders Provident to produce the index as previously discussed and allow Davis to designate those portions which Davis requests. If there is a further dispute, Davis is privileged to file a new motion to compel within ten days after Provident agrees to produce or objects to production of the documents contained in the index.

Request for Production No. 7 involves the same Vaughn index referred to in Request for Production Nos. 3 and 5. Thus, the Court's ruling remains the same.

Request for Production No. 8 concerns personnel files. In this request, Davis asks Provident to provide "the complete personnel file, whether in electronic, data, e-mail, voicemail, written or document form of each claims representative, claims adjuster and/or anyone who received correspondence from Plaintiff regarding his disability claims, and/or who responded to such correspondence, and/or who worked on and/or made decisions regarding Plaintiff's disability claims. Said complete personnel file shall include, but not be limited to, the individual's personal notes, training information, performance based salary information, reprimands, accolades."

The Court denies this Request for Production. While a party's right to information necessary to prove its claims is broad, it is not unlimited. Indeed, a court may properly balance the right of a party to obtain information with the rights of other parties or persons to be free from intrusive examination and disclosure of personal information. *See* Gomez v. Martin Marietta Corp., 50 F.3d, 1511, 1520 (10th Cir. 1995). Such is the case here. Davis' claimed relevancy of the information simply does not outweigh the intrusive nature of the request. Personnel files can contain exceedingly private and confidential information involving the rights of individuals who are not even parties to this

lawsuit. Davis makes a broad and sweeping demand for production of information with the hope that something--anything--may be found. While the Court would not be hesitant to release information relevant to Davis' claims or Provident's defenses, the Court is mindful that personnel files contain private information, i.e., financial information, social security numbers, home addresses, pay records, medical information and other matters which should not be available to satisfy private curiosity or public scrutiny. In the absence of Davis' more concrete showing of why this information is needed, the Court will sustain Provident's objection and deny production of the personnel files.

In <u>Request for Production No. 9</u>, Davis seeks "Defendant Provident's sales manuals, sales brochures, sales literature, agent procedures, or other guidelines that were in effect when Plaintiff purchased his Provident disability insurance policies." In support of his argument for production, Davis simply argues that sales information is public knowledge and that Provident, in the everyday course of business, uses sales manuals, sales brochures and sales literature to solicit customers.

While production of sales literature might well be relevant in a case involving fraud or misrepresentation, Davis' theory in this case is that Provident hired agents to conduct surreptitious surveillance on him and to investigate him, and based on that investigation, terminated payments and denied coverage. Davis contends that the "pretext to deny and terminate payments to Dr. Davis in a manner that was wrongful, fraudulent and illegal" forms the basis of the claim. Under these circumstances, the broad and sweeping discovery concerning sales manuals, brochures, sales literature, agent procedures and other guidelines is far too broad.

The Court already determined that Provident's policies and procedures, as they relate to the handling of Davis' claims, are relevant and discoverable and has ordered production of those portions of Provident's manuals. Thus, to the extent that Davis contends that Provident's conduct in engaging

in surveillance, conducting investigations, preparing reports, etc. resulted in a wrongful denial of Davis' claims, the information will be provided in response to other requests. The Court denies Davis' Request for Production No. 9.

Request for Production No. 11 suffers from the same affliction as Interrogatory No. 3. While information on the background, education or experience of the decision maker is relevant, Davis asks for far too much. For example, asking for the curriculum vitae for all of Provident's employees, agents and consultants is simply extreme. The risk of being unreasonable in the document request is that, as here, nothing is produced. The Court sustains the objection, but will allow Davis to serve a new, narrow request for production if he requires the curriculum vitae of the decision maker. The revised request should be served within ten days.

To the extent the Court has ordered production of documents or has directed that the parties meet and confer for purposes of arranging a mutually convenient time to review documents, documents should be produced or arrangements made for their production within ten days.

                                                        */s/ Lorenzo F. Garcia*
                                                        Lorenzo F. Garcia
                                                        United States Magistrate Judge