IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. HAROLD DAVIS,

       Plaintiff,

vs.                                                                                                                                                         Civ. No. 01-799 MV/LFG

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, UNUM LIFE
INSURANCE COMPANY OF AMERICA
(a/k/a UNUM PROVIDENT
CORPORATION), and JOHN DOES 1-10,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Objection to Magistrate's April 4, 2003 Order Denying Motion for Order to Reopen Expert Witness Discovery by Provident Life and Granting Motion to Strike Plaintiff's Supplemental Expert Witness Reports, filed April 17, 2003, **[Doc. No. 161]**. The Court, having considered the objection, briefs, relevant law, and being otherwise fully informed, finds that the objection is not well-taken and will be **OVERRULED**.

**FACTUAL BACKGROUND**

This case arises from the alleged wrongful termination of Plaintiff's total disability benefits under two disability policies sold to Plaintiff by Defendants Provident Life and Accident Insurance Company and UNUM Life Insurance Company of America (a/k/a UNUM Provident Corporation)(collectively "Provident"). Plaintiff's Complaint alleges, in part, breach of contract,

insurance bad faith, violation of the New Mexico Insurance Practices Act, and violation of the Unfair Trade Practices Act.

Plaintiff timely produced Rule 26 expert reports prepared by Garth Allen and Barbara Paull on December 27, 2001. A number of discovery disputes occurred, resulting in the filing of numerous motions to compel. On July 26, 2002, the magistrate judge ordered Provident to produce "any memoranda or other documents which have not already been produced prepared from 1996 through 2001 and setting forth guidelines, policies or procedures for Round Tables" and "all judgments entered in state or federal court against Defendant from 1996 through 2001, involving disability policies, and based on claims of unfair trade practices, breach of contract, or bad faith." *See* July 26, 2002 Order. The magistrate judge also permitted Plaintiff to redepose two of Provident's employees--Diane Henley and Kimberly Sherrell--regarding any new information obtained as a result of the additional discovery ordered. These depositions occurred on September 4, 2002.

On January 23, 2003, nearly nine months after discovery closed and after the case had been set for trial twice, Plaintiff filed "supplemental" expert reports from Mr. Allen and Ms. Paull offering expert opinion not contained in their original reports. Provident filed a motion to re-open discovery to permit Provident to depose Plaintiff's experts on the new opinions in the reports and to provide Provident's experts an opportunity to counter the new opinions offered by Plaintiff's experts or, in the alternative, to strike Plaintiff's "supplemental" expert reports. The magistrate judge struck the supplemental expert reports on the grounds that the only way to prevent Provident from being prejudiced would be to re-open discovery and re-opening discovery after a case is ready for trial is contrary to the goals of the Civil Justice Reform Act of 1990, 28 U.S.C. §

471 *et seq*., and this District's Civil Justice Expense and Delay Reduction Plan. Plaintiff filed the instant objection to the magistrate judge's order.

## STANDARD OF REVIEW

A district court may modify or set aside a ruling of a magistrate judge only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the reviewing court must affirm unless the court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co*., 333 U.S. 364, 395 (1948).

## DISCUSSION

It is undisputed that Plaintiff's experts' supplemental reports express new opinions and rely on new documents not included in their original reports. The question before the Court is whether the magistrate judge's determination that Plaintiff should not be permitted to file expert reports expressing new opinions after the close of discovery and the passing of all case management deadlines is clearly erroneous or contrary to law.

Plaintiff asserts that the additional expert reports should be permitted because they were necessitated by Provident's failure to provide certain information prior to the filing deadline for the original reports. Specifically, Plaintiff alleges that Provident failed to produce copies of the judgments against Provident as well as certain documents related to a claims handling procedure known as the "Round Table" as ordered by the magistrate judge in his July 26, 2002 Order.

Despite Plaintiff's attempt to justify the filing of additional expert reports by alleged deficiencies in Plaintiff's discovery obligations, the new opinions being set forth in the supplemental reports appear to be unrelated to the discovery ordered by the July 26, 2002 Order.

3

For example, Provident asserts, and Plaintiff does not contest, that none of the documents referenced in Mr. Allen's supplemental expert report refers to any Round Table guidelines for the time period from 1996 to 2001 and that the one verdict referenced in Mr. Allen's report was from a case that was outside the time frame for judgments Provident was ordered to produce. In addition, while both experts acknowledged that they received and/or reviewed the second depositions of Ms. Sherryl and Ms. Henley, neither of the supplemental reports references any passages from these depositions or asserts that the new depositions might have changed, altered, or modified their original reports or caused them to reach any new opinions or conclusions.

There is no evidence that any of Provident's purported discovery failures justified the need to file an additional expert report. Rather, it appears that Plaintiff, long after the close of discovery and the filing of expert reports, discovered additional information that he wanted to use to expand or support his theory of the case. Under these circumstances, the magistrate judge's finding that such a practice would frustrate the purpose of the expert disclosure requirements, circumvent case management deadlines, and further delay the ultimate disposition of a case that has been pending for nearly three years is not clearly erroneous or contrary to law. *See, e.g., RTC v. Gregory*, No. CIV 94-52, slip op. (D.N.M. Dec. 13, 1995) (supplemental expert report may not be used to expand on and add to opinions contained in initial report).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Magistrate's April 4, 2003 Order Denying Motion for Order to Reopen Expert Witness Discovery by

4

Provident Life and Granting Motion to Strike Plaintiff's Supplemental Expert Witness Reports, filed April 17, 2003, **[Doc. No. 161]** is hereby **OVERRULED**.

Dated this 14th day of June, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:
    Esteban A. Aguilar, Esq.
    Steve Vogel, Esq.

Attorneys for Defendant:
    Thomas L. Johnson, Esq.
    Kerri L. Peck, Esq.