IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. HAROLD DAVIS,

       Plaintiff,

vs.                                                      Civ. No. 01-799 MV/LFG

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, UNUM LIFE
INSURANCE COMPANY OF AMERICA
(a/k/a UNUM PROVIDENT
CORPORATION), and JOHN DOES 1-10,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objection to Magistrate's October 16, 2002 Order Denying Plaintiff's Motion for Reconsideration Regarding Plaintiff's Fourth Motion to Compel, filed October 29, 2002, **[Doc. No. 134]**. The Court, having considered the objections, briefs, relevant law, and being otherwise fully informed, finds that the objections are not well-taken and will be **OVERRULED**.

## FACTUAL BACKGROUND

This case arises from the alleged wrongful termination of Plaintiff's total disability benefits under two disability policies sold to Plaintiff by Defendants Provident Life and Accident Insurance Company and UNUM Life Insurance Company of America (a/k/a UNUM Provident Corporation)(collectively "Provident"). Plaintiff's Complaint alleges, in part, breach of contract, insurance bad faith, violation of the New Mexico Insurance Practices Act, and violation of the

Unfair Trade Practices Act.

On July 25, 2002, the magistrate judge entered an order granting in part and denying in part Plaintiff's Motion to Compel Answers to Third Request for Production and Second Interrogatories, to Compel Depositions in Albuquerque, for Sanctions and for Extension of Discovery Deadline.  The July 25, 2002 Order required Provident to serve certain documents by August 5, 2002.

On August 6, 2002, Plaintiff filed a motion to compel ("Third Motion to Compel") asserting that Provident had not complied with the July 25, 2002 Order.  This motion was struck as procedurally defective. The magistrate judge found that Plaintiff improperly attempted to incorporate, without Court authorization, all other motions, memoranda and exhibits in the court file, in violation of D.N.M.LR-Civ. 7.1.  In addition, the magistrate judge found that the motion sought to compel responses to interrogatories and requests for production without providing the Court with copies of the specific interrogatory or request at issue and the response to the interrogatory or the request, in violation of D.N.M.LR-Civ. 37.1.

On August 19, 2002, Plaintiff filed another motion to compel ("Fourth Motion to Compel") asserting that Provident had failed to serve the additional discovery required by the July 25, 2002 Order by August 5, 2002, and had failed to serve complete answers.  The magistrate judge denied this motion because, once again, Plaintiff sought to compel responses to interrogatories and requests for production without providing the Court with copies of the specific interrogatory or request at issue and the response to the interrogatory or request, in violation of D.N.M.LR-Civ. 37.1.  The magistrate judge further found that the discovery in question had been mailed on August 5, 2002, and therefore was timely served in accordance with

the July 25, 2002 Order.

Plaintiff filed a motion to reconsider the denial of his Fourth Motion to Compel. In this motion, Plaintiff asserted that the discovery in question had not been mailed on August 5, 2002, as found by the magistrate judge, but, rather, had been hand-delivered on August 8, 2002. Plaintiff further asserted that "the reason it could NOT indicate which interrogatories or requests for production were in dispute was because Defendant had not served them." On October 16, 2002, the magistrate judge denied Plaintiff's motion to reconsider on the grounds that Plaintiff had failed to present new arguments, new law, new facts or any new grounds that would justify reconsideration. The magistrate judge found that he had not misapprehended the facts regarding the service of the discovery requests because the evidence provided to him, including the certificate of service filed with the Court, indicated that the discovery responses were served by mail on August 5, 2002. Furthermore, the magistrate judge stated that even if the documents had been delivered by hand on August 8, 2002, as asserted by Plaintiff, the Court would not have granted the sanctions requested by Plaintiff because there was no showing of any prejudice suffered by Plaintiff in receiving the documents on August 8, 2002, rather than on August 5, 2002. The magistrate judge did not specifically address Plaintiff's argument that he could not attach the disputed interrogatories and requests and the responses to these interrogatories and requests because Provident had not provided its response yet.

Plaintiff timely filed the instant objection to the magistrate judge's October 16, 2002 Order denying Plaintiff's motion for reconsideration of Plaintiff's Fourth Motion to Compel. Plaintiff seeks to have this Court set aside the October 16, 2002 Order and enter an Order directing Provident to comply with the July 25, 2002 Order. Plaintiff also seeks sanctions against Provident

3

and an award of fees and costs.

## STANDARD OF REVIEW

A district court may modify or set aside a ruling of a magistrate judge only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  Under the clearly erroneous standard, the reviewing court must affirm unless the court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. However, when the Court has misapprehended the facts or misapplied the law, a party may seek relief pursuant to Fed. R. Civ. P. 59 or 60.  Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).  A motion for reconsideration is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff identified two errors he believed justified reconsideration of his Fourth Motion to Compel:  (1) the magistrate judge found that the discovery responses were mailed on August 5, 2002 when they were actually hand-delivered on August 8, 2002; and (2) Plaintiff could not comply with D.N.M.LR-Civ. 37.1 because Provident had not served its responses when Plaintiff filed his Fourth Motion to Compel.

    1.    Service of Discovery Responses

In his motion for reconsideration, Plaintiff asserted that the magistrate judge erroneously determined that Provident mailed its discovery responses on August 5, 2002, when the responses were actually served by hand on August 8, 2002. The magistrate judge found that he had not misapprehended the facts because the evidence, including the certificate of service filed with the Court, indicated that the discovery responses were served by mail on August 5, 2002. Furthermore, the magistrate judge found that even if the discovery responses had been served by hand on August 8, 2002, he would not have granted the sanctions Plaintiff requested because Plaintiff did not demonstrate any prejudice from the alleged delay in service.

The Court finds that Plaintiff's motion for reconsideration failed to demonstrate any clear error in the magistrate judge's analysis of the service of the discovery requests and, therefore, the magistrate judge's denial of Plaintiff's motion for reconsideration was not clearly erroneous or contrary to law.

    2.    Compliance with D.N.M.LR-Civ. 37.1

Local Rule 37.1 provides:

> A party seeking relief pursuant to Fed. R. Civ. P. 26(c) or 37(a) must attach to the motion a copy of:
>
> (a) the interrogatory, request for production or inspection, relevant portion of deposition transcript, or request for admission; and
>
> (b) the response or objection thereto.

D.N.M.LR-Civ. 37.1

The magistrate judge denied Plaintiff's Fourth Motion to Compel, in part, because even after the Court struck Plaintiff's Third Motion to Compel for failure to attach a copy of the disputed interrogatories and requests for production and the responses or objections thereto, as

required by Local Rule 37.1, Plaintiff sought to compel answers to interrogatories and requests without attaching copies of the disputed interrogatories or requests for production at issue and the responses or objections thereto. In his motion for reconsideration, Plaintiff asserted that he could not comply with Local Rule 37.1 at the time he filed his Fourth Motion to Compel because Provident had not served its responses yet. While the magistrate judge did not specifically address this assertion in his October 16, 2002 Order, the Court finds that it is without merit.

Plaintiff received Provident's responses on August 8, 2002. Plaintiff's Fourth Motion to Compel was filed on August 19, 2002. At the time Plaintiff's Fourth Motion to Compel was filed, Plaintiff had Provident's responses and could have identified which interrogatories and requests were in dispute. Plaintiff's motion to reconsider failed to demonstrate that the magistrate judge committed any errors of law or fact in denying his Fourth Motion to Compel for failure to comply with local rules. Consequently, the magistrate judge's denial of Plaintiff's motion was not clearly erroneous or contrary to law.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Magistrate's October 16, 2002 Order Denying Plaintiff's Motion for Reconsideration Regarding Plaintiff's Fourth Motion to Compel, filed October 29, 2002, **[Doc. No. 134]** is hereby **OVERRULED**.

Dated this 14th day of June, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorneys for Plaintiff</u>:
    Esteban A. Aguilar, Esq.
    Steve Vogel, Esq.

<u>Attorneys for Defendant</u>:
    Thomas L. Johnson, Esq.
    Kerri L. Peck, Esq.