IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. HAROLD DAVIS,

      Plaintiff,

vs.                                                                       Civ. No. 01-799 MV/LFG

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, UNUM LIFE
INSURANCE COMPANY OF AMERICA
(a/k/a UNUM PROVIDENT
CORPORATION), and JOHN DOES 1-10,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objection to Magistrate's Second Order Withdrawing Prior Order Striking Objections and Entering Amended Order Granting in Part and Denying in Part Plaintiff's Motion to Compel and Extension of Discovery Deadline, filed August 6, 2002, **[Doc. No. 111]**. The Court, having considered the objections, briefs, relevant law, and being otherwise fully informed, finds that the objections are well-taken and will be **SUSTAINED in part** and **OVERRULED in part**.

## FACTUAL BACKGROUND

This case arises from the alleged wrongful termination of Plaintiff's total disability benefits under two disability policies sold to Plaintiff by Defendants Provident Life and Accident Insurance Company and UNUM Life Insurance Company of America (a/k/a UNUM Provident Corporation)(collectively "Provident"). Plaintiff's Complaint alleges, in part, breach of contract,

insurance bad faith, violation of the New Mexico Insurance Practices Act, and violation of the Unfair Trade Practices Act.

Plaintiff appeals from the magistrate judge's July 25, 2002 Order granting in part and denying in part Plaintiff's Motion to Compel Answers to Third Request for Production and Second Interrogatories, to Compel Depositions in Albuquerque, for Sanctions and for Extension of Discovery Deadline. Specifically, Plaintiff appeals the rulings on his Request for Production Numbers 15, 16, 20 and 21 and Interrogatory Numbers 7 - 12 and the denial of his requests that depositions take place in Albuquerque, that he be permitted to depose a Provident employee and that sanctions be imposed against Provident.

## STANDARD OF REVIEW

A district court may modify or set aside a ruling of a magistrate judge only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the reviewing court must affirm unless the court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## DISCUSSION

A.Request for Production No. 15

Plaintiff's Request for Production No. 15 seeks copies of every verdict entered against Provident for a five-year period. Plaintiff asserts that this discovery is necessary because insurance companies frequently settle a case after a verdict but before judgement, thereby effectively hiding evidence that could be used to show a practice of engaging in prohibited conduct. The magistrate judge denied Plaintiff's motion to compel a response to this request on

the grounds that the request was overly broad and would include the production of verdicts unrelated to bad faith claims. Furthermore, the magistrate judge noted that "the Court accepts Defendant's representation that it does not track information on verdicts."

Plaintiff asserts that he agreed to narrow the request to verdicts in insurance bad faith cases, including breach of contract and statutory violations. This assertion is supported by the Clerk's Minutes from the hearing on Plaintiff's motion to compel which note that Plaintiff stated that he only wanted "verdicts in cases involving the claims at issue in this case." The magistrate judge's order does not recognize that Plaintiff narrowed this request. To the contrary, the magistrate judge's order states that "Plaintiff could convincingly argue that judgments and verdicts arising from similar claims or lawsuits are relevant. However, Plaintiff did not so limit his request."

The Court finds that the magistrate's failure to consider Plaintiff's narrowed discovery request was clearly erroneous. The narrowed discovery request seeks relevant information and the fact that Provident does not track information that could demonstrate a pattern and practice of engaging in prohibited conduct is not grounds to deny discovery of this information. Plaintiff's discovery request, as narrowed, will be granted.

B.   Request for Production No. 16

Request for Production No. 16 seeks copies of all judgments entered against Provident from 1996 through 2001. The magistrate judge narrowed this request, ordering Provident to produce judgments "entered in state or federal court against Defendant from 1996 through 2001, involving disability policies, and based on claims of unfair trade practices, breach of contract, or bad faith." Plaintiff objects on the grounds that the magistrate judge's order does not specifically

3

include judgments against Provident in cases involving the New Mexico Insurance Code Trade Practices and Frauds Act NMSA § 59-A-16-1 *et seq.*, and requests that the magistrate judge's order be clarified to specifically include such judgments.

Plaintiff's discovery request does not specifically include judgments in cases involving the New Mexico Insurance Code Trade Practices and Frauds Act NMSA § 59-A-16-1 *et seq.*, and there is no evidence that Plaintiff raised this issue before the magistrate judge.  Consequently, the fact that the magistrate judge's order does not specifically include such judgments is not "clearly erroneous" or "contrary to law."  *See Anna Ready Mix, Inc. v. N.E. Pierson Const. Co.*, 747 F.Supp. 1299, 1303 (S.D.Ill. 1990) (all argument must be raised before the magistrate judge in the first instance).  Furthermore, such clarification is unnecessary because the order, as worded, includes judgments in cases involving insurance bad faith, unfair trade practices, and breach of insurance contract claims under the New Mexico Insurance Code Trade Practices and Frauds Act.

C.       Request for Production No. 20

Plaintiff's Request for Production No. 20 seeks information on the financial reserves set aside by Provident for Plaintiff's claims.  Following a hearing, the magistrate judge denied Plaintiff's motion to compel production of this information on the grounds that the "material sought consists of Defendant's work product and mental impressions" and is not discoverable. Plaintiff argues that such information is relevant because it establishes "the mental state and the analysis of the claim by the insurance company."  In support of this assertion, Plaintiff provides an affidavit from an alleged insurance expert explaining how insurance companies generally set reserves.  Plaintiff does not, however, cite to any case law supporting his claim that information regarding the reserves set aside by an insurer in a first-party bad-faith insurance case is relevant.

*See Spearman Indus. v. St. Paul Fire & Marine Ins. Co.*, 128 F.Supp.2d 1148, 1154 (N.D. Ill. 2001) (reserve information irrelevant to a first-party bad faith claim because the policy either provides coverage or it does not).

Even assuming the requested reserve information is relevant to Plaintiff's bad faith claim, Plaintiff has failed to demonstrate that the magistrate judge's finding that the requested reserve information is protected attorney work product is clearly erroneous or contrary to law or that Plaintiff has "substantial need" of the requested reserve information as required to overcome work-product protection. *See, e.g.,* Fed. R. Civ. p. 26(b)(3). Consequently, Plaintiff has failed to demonstrate that the magistrate judge's determination that the requested reserve information is not discoverable is clearly erroneous or contrary to law.

D.      Request for Production No. 21

Plaintiff's Request for Production No. 21 seeks claims policies or procedures created, discussed or established for Provident from 1991 through 2001. The magistrate judge granted Plaintiff's motion to compel Provident to produce "training materials and any other written policies regarding claims procedures, including but not limited to memoranda related to financial incentives for claims adjusters, prepared from 1997 through 2001." The magistrate judge refused, however, to order Provident to produce 73 documents previously produced by Provident in an unrelated case. At the hearing on Plaintiff's motion to compel, Plaintiff could not articulate the relevance of these materials, stating that "I will explain why they're relevant, once I've seen them." The Court declined to order the documents produced without any showing that they were potentially relevant but noted that to the extent any of the 73 documents were responsive to one of Plaintiff's other requests, they would be produced.

5

Plaintiff objects to the magistrate judge's decision not to order these documents produced or to review them *in camera*. Plaintiff, however, is still unable to articulate the potential relevance of these documents, stating only that "[s]ince Defendant has refused to produce these documents, Plaintiff and the Magistrate have no idea what is in those documents and therefore it is difficult to explain the relevancy." Plaintiff cites to no case law supporting his position that documents should be ordered produced when a party has utterly failed to articulate the potential relevance of these documents. The magistrate judge's denial of Plaintiff's motion to compel production of documents that Plaintiff did not demonstrate were potentially relevant is not clearly erroneous or contrary to law.

E.  Interrogatory Nos. 7-12

In his Interrogatory Nos. 7-12, Plaintiff requests that Provident perform certain damage calculations for Plaintiff. The magistrate judge denied Plaintiff's motion to compel responses to these interrogatories, concluding that ordering Provident to answer these interrogatories "would require that Defendant be used as Plaintiff's expert to calculate damages for Plaintiff" when Plaintiff could readily perform the calculations. Plaintiff objects to this ruling on the grounds that Provident performs this type of calculation on a daily basis and Plaintiff's counsel has routinely requested and received this type of information from insurance companies in the past. The fact that Provident performs similar calculations on a daily basis and that other insurance companies have provided this type of information to Plaintiff's counsel in the past does not make the magistrate judge's ruling "clearly erroneous" or "contrary to law." Rule 26(b)(2)(i) permits the Court to limit discovery if the Court determines that "the discovery sought . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive." As the

6

magistrate judge noted, Plaintiff has all the information necessary to calculate the benefits available under the policies and can readily perform the mathematical calculations. The magistrate judge's ruling is not "clearly erroneous" or "contrary to law" and will not be disturbed by the Court.

F.   Depositions of Provident Employees

Plaintiff sought to re-depose two of Provident's employees--Kimberly Davis and Diane Henley--outside the discovery period. The magistrate judge ruled that Plaintiff would be permitted to re-depose these two witnesses but that questioning would be limited to any issues arising from the discovery ordered by his July 25, 2002 Order. The magistrate judge, however, refused to order that these witnesses be flown to Albuquerque for their depositions. Plaintiff objects to the magistrate judge's refusal to order Provident to make these witnesses available in Albuquerque.

The magistrate judge's determination that the standard of rules of discovery, which require witnesses to be deposed at their city of residence, apply is not clearly erroneous or contrary to law. Furthermore, the depositions of these employees occurred on September 4, 2002, in Tennessee. Consequently, Plaintiff's objection to the magistrate judge's refusal to order Provident to make these witnesses available in Albuquerque is moot.

Plaintiff also sought to depose Provident employee Richard Leiderman for the first time. The magistrate judge denied this request because Plaintiff had failed to properly notice Mr. Leiderman's deposition prior to the discovery deadline and had not shown good cause for an out-of-time deposition. Plaintiff asserts that Mr. Liederman's deposition "was scheduled for Friday, April 26, 2002, which was prior to the discovery deadline of April 29, 2002 and should be

7

allowed." Plaintiff does not mention, however, that the magistrate judge granted Provident's motion for protective order with regard to the deposition of Mr. Leiderman because Plaintiff unilaterally scheduled the deposition, failed to provide Mr. Leiderman with fourteen days notice, and failed to give Mr. Leiderman thirty days to respond to a subpoena duces tecum. *See* Order Granting Motion for Protective Order, May 14, 2002 [Doc. No. 81]. Furthermore, Plaintiff did not object to the magistrate judge's May 14, 2002 Order granting Provident's motion for protective order. Plaintiff's failure to object to the May 14, 2002 Order is fatal to Plaintiff's request to depose Mr. Leiderman. *See* Fed. R. Civ. P. 72(a) ('Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."). The magistrate judge correctly determined that Plaintiff is not entitled to depose Mr. Leiberman and this ruling will be upheld.

G.      Request for Sanctions

Plaintiff requested that Defendant be sanctioned (1) for general discovery abuses and (2) for making intentional misrepresentations to the Court. In his July 25, 2002 Order, the magistrate judge declined to impose any sanctions, finding that Provident had not abused or obstructed the discovery process. Plaintiff objects to the magistrate judge's denial of his requests for sanctions.

1.      General Discovery Abuses

Plaintiff asserts that Provident obstructed the discovery process by objecting to the majority of Plaintiff's interrogatories and requests for production. The magistrate judge found, and this Court agrees, that Plaintiff's requests were exceedingly broad and expansive. In fact,

8

most of Provident's objections to Plaintiff's discovery requests were upheld. The magistrate judge's determination that there was no basis for the Court to sanction Plaintiff is not clearly erroneous or contrary to law and will be upheld.

    2.        Misrepresentations to the Court

Plaintiff originally filed his Complaint in the First Judicial State District Court. In his Complaint, Plaintiff asserted that the John Doe defendants, who were the unknown surveillance companies hired by Provident to observe Plaintiff's daily activities, were New Mexico businesses and/or individuals who reside or have resided in New Mexico. Provident removed the case to this Court, admitting that Plaintiff was a citizen of the State of New Mexico, Provident was a foreign corporation with its principal place of business in a state other than New Mexico, and asserting that the naming of John Doe defendants did not defeat Provident's right to remove based on diversity. On August 1, 2001, Provident filed its Answer, denying that the John Doe defendants who conducted surveillance on Plaintiff were New Mexico businesses and/or New Mexico residents. Two days later, Provident's counsel informed Plaintiff's counsel that one of the two companies used to perform surveillance on Plaintiff was located in Albuquerque, New Mexico. Provident, however, did not file a corrected answer.

Plaintiff raised the issue of the false statement made by Provident in its Answer and Provident's subsequent refusal to correct this statement at the hearing on Plaintiff's motion to compel. The magistrate judge's July 26, 2002 Order did not specifically address Plaintiff's request that Provident be sanctioned for alleged misrepresentations to the Court. The Clerk's Minutes from this hearing, however, indicate that the magistrate judge ordered Plaintiff to update and amend the pleadings to correct any untrue representations. It does not appear that the

9

pleadings have been updated. The Court will remand this issue to the magistrate judge to determine in the first instance if a misrepresentation was made, if Provident violated his order to correct this misrepresentation, and what, if any, sanction is appropriate.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Magistrate's Second Order Withdrawing Prior Order Striking Objections and Entering Amended Order Granting in Part and Denying in Part Plaintiff's Motion to Compel and Extension of Discovery Deadline, filed August 6, 2002, **[Doc. No. 111]** is hereby **SUSTAINED in part and OVERRULED in part** as follows:

1. Provident shall produce copies of all verdicts entered against Provident in state or federal court from 1996 through 2001, involving disability policies, and based on claims of unfair trade practices, breach of contract, or bad faith within 14 days of the date of this Order.

2. A hearing will be held before the magistrate judge to determine in the first instance if any misrepresentations were made in Provident's pleadings, if Provident complied with the magistrate judge's order to correct any misrepresentations, and what, if any, sanction is appropriate.

The remainder of Plaintiff's objections are **OVERRULED**.

Dated this 14th day of June, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorneys for Plaintiff</u>:
    Esteban A. Aguilar, Esq.
    Steve Vogel, Esq.

<u>Attorneys for Defendant</u>:
    Thomas L. Johnson, Esq.
    Kerri L. Peck, Esq.