IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. HAROLD DAVIS,

      Plaintiff,

vs.                                                                             Civ. No. 01-799 MV/LFG

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objection to Defendants' Deposition Designations Identified in Defendant's Witness List, filed November 25, 2002, **[Doc. No. 139]**. In his motion, Plaintiff objects to Defendants Provident Life and Accident Insurance Company and UNUM Life Insurance Company of America's (a/k/a UNUM Provident Corporation)(collectively "Provident") designation of deposition testimony from Plaintiff's counselors or psychological providers regarding Plaintiff's psychological, emotional, or mental condition as irrelevant, immaterial, inflammatory and prejudicial. The deposition testimony at issue was obtained during discovery in this case. In a Memorandum Opinion and Order entered June 7, 2004, the Court held that Provident may not offer any evidence of Plaintiff's mental or emotional condition that Provident obtained subsequent to the denial of Plaintiff's claim and that Provident may not offer any evidence of Plaintiff's psychological or emotional issues to justify its denial of Plaintiff's disability benefits. This ruling precludes the offering at trial of the deposition testimony to which Plaintiff objects and Plaintiff's objection will be sustained.

    Plaintiff also objects to the inclusion on Provident's witness list of Plaintiff's neighbors and

landlords (Pamela Harris, Thomas Harris, Sadie Witbeck, K.K. Wilson, Peter Wilson and Bobbi Shapiro) on the grounds that these witnesses were not identified in any of Provident's pleadings prior to the termination of discovery and therefore Plaintiff was not able to depose these witnesses. Provident contends that most of these witnesses were identified by Plaintiff during his deposition and therefore were known to Plaintiff. Provident agreed, however, that Plaintiff could depose these witnesses outside the discovery period. Because any potential prejudice to Plaintiff from the alleged untimely identification of these witnesses is cured by permitting Plaintiff to depose the witnesses, the Court will not strike these witnesses from Provident's witness list. The Court questions whether the testimony of Plaintiff's neighbors, which was obtained after Provident made its decision to terminate Plaintiff's benefits, is relevant but, at this time, the Court does not have sufficient information to rule on the relevance of the proposed testimony.

**IT IS HEREBY ORDERED** that Plaintiff's Objection to Defendants' Deposition Designations Identified in Defendant's Witness List, filed November 25, 2002, **[Doc. No. 139]** is hereby **SUSTAINED in part**. Provident may not offer deposition testimony from Plaintiff's healthcare providers that Provident obtained subsequent to the denial of Plaintiff's claim. The remainder of Plaintiff's Objection is **OVERRULED**.

Dated this 14th day of June, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:
    Steve Vogel, Esq.
    Esteban A. Aguilar, Esq.

Attorneys for Defendant:

Thomas L. Johnson, Esq.
Kerri L. Peck, Esq.